NORTH AMERICAN AIRLINES, Inc.,
et al., Petitioners,

v.

CIVIL AERONAUTICS BOARD,
Respondent,

Northwest Airlines, Inc., Intervenor,

Capital Airlines, Inc., Intervenor,

Detroit Aviation Commission of the City
of Detroit, Intervenor,

Trans World Airlines, Inc., Intervenor,

United Air Lines, Inc., Intervenor,

American Airlines, Inc., Intervenor.

No. 12942.

United States Court of Appeals
District of Columbia Circuit.

Argued June 8, 1956.

Decided Sept. 13, 1956.

Petition for Rehearing Denied
Oct. 23, 1956.

Mr. William C. Burt, Washington, D. C., with whom Mr. Hardy K. Maclay, Washington, D. C., was on the brief, for petitioners.

Mr. Robert L. Park, Atty., Civil Aeronautics Board, with whom Messrs. Franklin M. Stone, Gen. Counsel, Civil Aeronautics Board, John H. Wanner, Associate Gen. Counsel, Civil Aeronautics Board, O. D. Ozment, Chief, Litigation and Research Division, Civil Aeronautics Board, Henry M. Switkay, Atty., Civil Aeronautics Board, and Daniel M. Friedman, Atty., Department of Justice, were on the brief, for respondent. Mr. Charles H. Weston, Chief, Appellate Section of Antitrust Division, Department of Justice, also entered an appearance for respondent.

Mr. James K. Crimmins, New York City, for intervenor Trans World Airlines, Inc. Mr. William Caverly, Washington, D. C., also entered an appearance for intervenor Trans World Airlines, Inc.

Messrs. C. Edward Leasure and Herman F. Scheurer, Jr., Washington, D. C., were on the brief for intervenor Northwest Airlines, Inc.

Mr. James Francis Reilly, Washington, D. C., was on the brief for intervenor United Air Lines, Inc.

Messrs. Ernest W. Jennes and Edgar F. Czarra, Jr., Washington, D. C., were on the brief for intervenor American Airlines, Inc. Mr. Alfred V. J. Prather, Washington, D. C., also entered an appearance for intervenor American Airlines, Inc.

Messrs. William Alonzo Carter, Robert B. Hankins, and Macon M. Arthur, Wash-

ington, D. C., entered appearances for intervenor Capital Airlines, Inc.

Messrs. Charles S. Rhyne and J. Parker Connor, Washington, D. C., entered appearances for intervenor Detroit Aviation Commission of City of Detroit.

Before EDGERTON, Chief Judge, and WASHINGTON and DANAHER, Circuit Judges.

EDGERTON, Chief Judge.

Petitioners are three large irregular air carriers, a ticket agency, and partnerships that lease aircraft to the carriers and perform accounting and financial services for them. Petitioners and certain other large irregular air carriers have comprised "North American Airlines".[1]

Petitioners and other air carriers applied to the Civil Aeronautics Board for certificates authorizing them to furnish various new or improved services to various points within the area bounded by New York on the east, Rochester on the north, Pittsburgh on the south, and Chicago on the west. Petitioners applied for certificates authorizing air coach service between certain large cities in the area.[2] The Examiner pointed out that in another case the Board had "conceded the fundamental argument of the coach service applicants, that the extension of low-fare air coach transportation will bring into existence an additional market", but had noted "that this new market represents potential revenues to the existing carriers and, as it is cultivated, they will be able to extend the benefits of low-fare service to their lean routes and the poorer traffic cities. The attainment of this objective would be thwarted if the potential revenues were to be diluted by the participation of too many carriers." The Examiner noted that the Board had "ex-

pressed confidence that the existing carriers would provide a steadily expanding quantity of coach service." The Examiner found that the existing carriers had in fact offered substantially more air coach service in recent years, and that traffic estimates for the future "would not justify superimposing a new carrier in this area on such a selective basis" as petitioners proposed. Accordingly the Examiner found that "the public convenience and necessity do not require the new route services proposed" by North American, and that its application should be denied. He recommended that the applications of Colonial, Eastern, and National also should be denied on grounds of public convenience and necessity.

■ The Board agreed with the Examiner. It said: "The Examiner has recommended denial of the applications of the above-named carriers, and we agree with his recommendation as well as the reasons stated in support thereof." We think the record supports the findings and order.

■ We think it immaterial that after thus stating its decision and its reasons the Board proceeded to "add several comments". One of the comments was "that with respect to North American's joint application, we would deny that application for the additional reason that we are unable to find the applicants 'willing' to comply with the Act and the Board's regulations as provided in Section 401(d) of the Act. Our conclusion in this regard is predicated upon the facts of record herein which show that Messrs. Weiss, Lewin, Fischgrund and Hart, the central figures in the North American group, have a long history of association with flagrant violations of the Act and cannot be found sufficiently reliable to entrust with the operation of the certifi-

1. Cf. American Airlines, Inc., v. North American Airlines, Inc., 351 U.S. 79, 76 S.Ct. 600, 602; on remand, 98 U.S.App. D.C. 366, 235 F.2d 863.

2. Though petitioners' application concluded with a general prayer for "the routes hereinabove described and set forth, and

for such route and routes serving that general area or otherwise that the Board may conclude that the public convenience and necessity may require", their only specific proposal regarding this area was to serve Chicago, Detroit, Cleveland, Pittsburgh, and New York.

cated routes they propose herein." Petitioners argue that the Board should not have considered their violations of the Act without considering those of other applicants. But petitioners' violations had nothing to do with the Board's order. We understand the Board's "comment" to mean only that if petitioners' application had not been denied on the ground of public convenience and necessity it would have been denied on the ground of violations. Since this dictum did not affect the order it did not affect the validity of the order. Since public convenience and necessity did not require the services petitioners proposed, they could not receive the grant they applied for and could not be prejudiced by the Board's discussing or not discussing either petitioners' past violations or the past violations of other applicants.[3]

Affirmed.

---

3. Cf. Continental Southern Lines v. Civil Aeronautics Board, 90 U.S.App.D.C. 352, 358, 197 F.2d 397, 403.